**Electronically Filed**
**Supreme Court**
**SCEC-12-0001039**
**27-DEC-2012**
**02:32 PM**

SCEC-12-0001039

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

DANIELLE ULULANI BEIRNE,
Plaintiff,

vs.

RICHARD FALE, Republican Candidate, 47th District,
BYU HAWAIʻI PRESIDENT STEVEN C. WHEELWRIGHT; PCC PRESIDENT
VAN ORGILL, HRI, CEO PRESIDENT ERIC BEAVER, AND THEIR STAFF
AND EMPLOYEES AND STAR ADVERTISER WRITER PLEGE,
Defendants.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

We have considered the election complaint filed by plaintiff pro se Danielle Ululani Beirne ("Beirne") on November 26, 2012, the motions to dismiss filed by defendants Brigham Young University-Hawaiʻi ("BYU-Hawaiʻi"), Polynesian Cultural Center ("PCC") and Hawaiʻi Reserves, Inc. ("HRI") and Richard Fale ("Fale") on December 7, 2012 and December 10, 2012, respectively, the December 5, 2012 letter from Deputy Attorney General Robyn B. Chun ("Chun"), the response memorandum filed by Beirne on December 18, 2012, and the reply memorandum filed by

BYU-Hawaiʻi, PCC and HRI on December 18, 2012. Having heard this matter without oral argument and in accordance with HRS § 11-174.5(b) (2009) (requiring the supreme court to "give judgment, stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

FINDINGS OF FACT

1. Beirne was the Democratic party candidate for the office of state representative, district 47 in the November 6, 2012 general election.

2. The election results for the race for the office of state representative, district 47 were:

| | |
|---|---|
| Richard Fale | 4,381 (54.0%) |
| D. Ululani Beirne | 3,163 (39.0%) |
| Blank Votes | 560 ( 6.9%) |
| Over Votes | 4 ( 0.0%) |

3. Beirne challenged the election results by filing a complaint in the supreme court on November 26, 2012, which was the twentieth day after the November 6, 2012 general election. Beirne named her opponent, Fale, BYU-Hawaiʻi, PCC, HRI and Honolulu Star-Advertiser ("Star-Advertiser") writer Derrick De Pledge as defendants.

4. The complaint alleges that Fale received more votes because BYU-Hawaiʻi, PCC, HRI and the Star-Advertiser "conspired and coerced to throw the electoral process in order for . . . Fale to win" inasmuch as (a) BYU-Hawaiʻi allegedly

2

allowed Fale to register students on campus to vote, (b) BYU-Hawaiʻi allegedly provided Fale several campus appearances but did not give Beirne the same opportunity, (c) BYU-Hawaiʻi allegedly transported students to the polls to vote using the school's vans and buses, (d) BYU-Hawaiʻi, PCC and HRI allegedly encouraged their staff and employees to vote for Fale, (e) poll observers and poll watchers allegedly contacted members of the Church of Jesus Christ of Latter-day Saints, told them which members did not vote, and asked them to drive those members to the polls to vote, (f) Beirne was allegedly never offered access to rallies held in Laie, and (g) the Star-Advertiser allegedly published a letter one day before the election which stated that Mitt Romney has the same values as the Laie Community. The complaint also alleges that the purported actions of BYU-Hawaiʻi violate the school's tax-exempt status.

5. BYU-Hawaiʻi, PCC and HRI moved to dismiss the complaint for (a) failure to name Scott T. Nago ("Nago"), the chief election officer, as a necessary and indispensable party, and (b) failure to state a claim upon which relief can be granted.

6. Fale moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

7. The Star-Advertiser did not file a response to the complaint.

3

8.  By letter dated December 5, 2012, Deputy Attorney General Chun informed the court that neither the Office of Elections nor the State of Hawaiʻi were named defendants and, therefore, they will not file a response unless ordered by the court.  The letter further stated that the election challenge lacks merit because "[Beirne] has not presented any evidence or information of mistakes or errors sufficient to change the result."

9.  In response to the motions to dismiss, Beirne states that she did not name Nago or the Office of Elections because she "do[es] not know the details of the law and [has] followed it to the extent [she] could understand[.]"

CONCLUSIONS OF LAW

I.

1.  HRS § 11-172 (2009) provides that a complaint challenging an election "shall be delivered to the chief election officer or the clerk in the case of county elections."

2.  HRCP Rule 19(a)(1) provides that "[a] person who is subject to service of process shall be joined as a party in the action if [] in the person's absence complete relief cannot be accorded among those already parties[.]"

3.  The election for representative of the State House of Representatives is a State election administered by the chief election officer.  The chief election officer, therefore, is a

4

necessary and indispensable party who should have been named as a defendant and served with a copy of the complaint and summons. The record, however, is devoid of any evidence that the chief election officer was named a defendant or served with a copy of the complaint and summons.

4.   Even if the chief election officer was named or joined as a defendant and properly served, Beirne's complaint fails to state a claim upon which relief can be granted.

II.

5.   When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept the plaintiff's allegations as true and view them in the light most favorable to him or her; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawaiʻi 318, 321, 132 P.3d 1229, 1232 (2006).

6.   A complaint challenging the results of a general election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election. Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King,

5

65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

7. A plaintiff challenging a general election must show that he or she has actual information of mistakes or errors sufficient to change the result. Tataii, 119 Hawaiʻi at 339, 198 P.3d at 126; Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103; Funakoshi, 65 Haw. at 316-317, 651 P.2d at 915.

8. Taking Beirne's allegations as true and viewing them in the light most favorable to her, it appears that Beirne can prove no set of facts that would entitle her to relief. Beirne has failed to present specific facts or actual information of mistakes, error or irregularities sufficient to change the results of the general election or exceed the reported margin of votes between her and Fale.

9. Allegations of (a) registering students to vote, (b) allowing candidates on school campus, (c) transporting students to polling places to vote, (d) encouraging employees to vote for a particular candidate, (e) publishing political articles, and (f) holding rallies for one candidate do not demonstrate that the general election results for Beirne's race would have been different had these alleged events not occurred.

10. Moreover, an unsubstantiated statement about the purported improper action of the district 47 poll observers and poll watchers does not demonstrate actual fraud or mistakes by

6

precinct officials that made it impossible to correctly determine the election result.

11. None of Beirne's allegations related to her perceived inequities in the campaign process satisfy her burden of demonstrating errors that would change the outcome of the election for house of representatives, district 47.

<u>JUDGMENT</u>

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the chief election officer in accordance with HRS § 11-174.5(b).

DATED: Honolulu, Hawaiʻi, December 27, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

7