SCEC-18-0000650

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

RICHARD Y. KIM, Plaintiff,

vs.

STATE OF HAWAII; ATTORNEY GENERAL RUSSELL A. SUZUKI; OFFICE OF
ELECTIONS; SCOTT T. NAGO, Chief Election Officer, Defendants,

and

COLLEEN HANABUSA, as a member of the U.S. House
of Representatives for the District of Hawai'i,
Real Party-In-Interest.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

We have considered the August 16, 2018 "Election Objection" filed by Plaintiff Richard Y. Kim ("Plaintiff Kim"), the August 21, 2018 motion to dismiss or, in the alternative, for summary judgment filed by Defendants State of Hawai'i, Attorney General Russell A. Suzuki, Office of Elections, and Chief Election Officer Scott T. Nago ("Chief Election Officer Nago") (collectively, the "State Defendants"), and the August 22, 2018 memorandum in opposition to the motion to dismiss filed by Plaintiff Kim. Having heard this matter without oral argument

and in accordance with HRS § 11-173.5(b) (2009) (requiring the supreme court to "give judgment fully stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

FINDINGS OF FACT

1. Plaintiff Kim was one of six Democratic Party candidates for the Office of Governor in the August 11, 2018 primary election.

2. The election result for the Democratic Party candidate for the Office of Governor was as follows:

| David Y. Ige | 124,572 (50.2%) |
| Colleen Wakako Hanabusa | 107,631 (43.4%) |
| Ernest Caravalho | 5,662 (2.3%) |
| Wendell J. Kaʻehuʻaeʻa | 2,298 (0.9%) |
| Richard Y. Kim | 1,576 (0.6%) |
| Van (Tanaban) Tanabe | 775 (0.3%) |
| Blank Votes | 5,116 (2.1%) |
| Over Votes | 304 (0.1%) |

3. David Y. Ige is the Democratic Party candidate who received the highest number of votes.

4. On August 16, 2018, Plaintiff Kim filed an "Election Objection" challenging the August 11, 2018 primary election.

5. Plaintiff Kim's election objection stems from the first circuit court's dismissal of his complaint in Civil No. 18-1-878-06. In Civil No. 18-1-878-06, Kim challenged Congresswoman Colleen Hanabusa's ("Congresswoman Hanabusa") qualifications to run for the Office of Governor. Kim alleged that Congresswoman Hanabusa's candidacy for the Office of Governor violated the

2

"resign to run" provision in art. II, sec. 7 of the Hawai'i State Constitution.  At a hearing held on  August 14, 2018, the circuit court dismissed the complaint.  The circuit court's rulings have not yet been reduced to a final judgment.

6.    Plaintiff Kim also alleges that Chief Election Officer Nago has a conflict of interest with him and is guilty of election fraud under HRS § 19-3.  Plaintiff Kim contends that the primary election was rigged and that Chief Election Officer Nago publicly ridiculed and insulted him by publishing the election results showing that he received only 1,576 votes (less than 1% of the votes for the Democratic Party race for governor).  Plaintiff Kim states that he gave out 25,000 name cards to voters and had "heavy" facebook ads which reached 100,000 users.  Plaintiff Kim alleges that he was publicly ridiculed and insulted by having a very low number of votes and claims that Chief Election Officer Nago and others conspired to "rig" the primary election in order to cause him public humiliation and emotional pain.

7.    Plaintiff Kim asks this court to correctly interpret and declare that art. II, sec. 7 of the Hawai'i State Constitution "resign to run" mandate applies to any State candidate and any elected officer, including federal officer, disqualify Congresswoman Hanabusa as a gubernatorial candidate, order a new primary election without Congresswoman Hanabusa's name on the ballot, order a full investigation of Chief Election Officer Nago and the Office of Elections for fraud, temporarily

3

appoint an independent third party to serve as the Chief Election Officer for the new primary election, and order a manual recount of the primary election ballots.

8.  The State Defendants filed a motion to dismiss the complaint for failure to name David Y. Ige as a necessary and indispensable party, lack of subject matter jurisdiction over Plaintiff Kim's "appeal" of the circuit court's dismissal of his civil action in Civil No. 18-1-0878-06, and failure to present any evidence of errors, mistakes, irregularities or any other basis that could cause a difference in the election result.  The State Defendants further argue that the remedies requested by Plaintiff Kim are improper and cannot be awarded by this court in a primary election contest.  In the alternative, the State Defendants seek summary judgment in their favor.

9.  Plaintiff Kim filed an opposition to the motion to dismiss.

<u>CONCLUSIONS OF LAW</u>

1.  HRCP Rule 19(a)(1) provides that "[a] person who is subject to service of process shall be joined as a party in the action if [] in the person's absence complete relief cannot be accorded among those already parties[.]"

2.  Plaintiff Kim seeks a new primary election without Congresswoman Hanabusa's name on the ballot.  Inasmuch as David Y. Ige received the highest votes and is the Democratic Party candidate for the Office of Governor for the general election, he is a necessary and indispensable party who should have been named

4

as a defendant and served with a copy of the complaint. In addition, it is likely that all successful candidates in the primary election should be named as necessary parties and receive notice of the election objection. The record, however, is devoid of any evidence that David Y. Ige (or any of the other successful candidates) was named a defendant or served with a copy of the election objection and summons.

3. A primary election contest under HRS §§ 11-172 and 11-173.5 is not the appropriate basis to seek appellate review of an underlying circuit court civil case.

4. The election objection (e.g., complaint) fails to state claims upon which relief can be granted.

5. A complaint challenging the results of a primary election fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election. See HRS § 11-172 (2009); Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

6. A plaintiff challenging a primary election must show that he or she has actual information of mistakes or errors sufficient to change the election result. Tataii, 119 Hawaiʻi at 339, 198 P.3d at 126; Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103; Funakoshi, 65 Haw. at 316-317, 651 P.2d at 915.

5

7. In order for a complaint to be legally sufficient, it must "show[] that the specific acts and conduct . . . complained of would have had the effect of changing the results of the primary election." Elkins, 56 Haw. at 49, 527 P.2d at 237.

8. An election contest cannot be based upon mere belief or indefinite information. Tataii, 119 Hawai'i at 339, 198 P.3d at 126; Akaka, 84 Hawai'i at 387-388, 935 P.2d at 102-103.

9. When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawai'i 318, 321, 132 P.3d 1229, 1232 (2006).

10. The court's consideration of matters outside the pleadings converts a motion to dismiss into one for summary judgment. Foytik v. Chandler, 88 Hawai'i 307, 313, 966 P.2d 619, 625 (1998). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Estate of Doe v. Paul Revere Ins. Group, 86 Hawai'i 262, 269-270, 948 P.2d 1103, 1110-1111 (1997).

11. Taking Plaintiff Kim's allegations as true and viewing them in the light most favorable to him, it appears that Plaintiff Kim can prove no set of facts that would entitle him to relief. Plaintiff Kim's conclusory, speculative allegations that Chief Election Officer Nago had a conflict of interest with him and engaged in conspiracy to embarrass him does not amount to "actual information of mistakes or errors sufficient to change the results of the election." Plaintiff Kim further fails to provide any evidence demonstrating fraud or proving other errors or misconduct that could have caused a difference between David Y. Ige's vote count (124,572) and his vote count (1,576) -- a difference of 122,996 votes.

12. In a primary election challenge, HRS § 11-173.5(b) authorizes the supreme court to "decide what candidate was nominated or elected."

13. The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given for primary election irregularities challenged pursuant to HRS § 11-173.5. Funakoshi, 65 Haw. at 316, 651 P.2d at 914.

14. Interpreting art. II, sec. 7 of the Hawaiʻi State Constitution for purposes of Civil No. 18-1-0878-06, disqualifying Congresswoman Hanabusa as a gubernatorial candidate, ordering a new primary election without Congresswoman Hanabusa's name on the ballot, ordering a full investigation of Chief Election Officer Nago and the Office of Elections for

7

fraud, temporarily appointing an independent third party to serve as the Chief Election Officer for the new primary election, and ordering a manual recount of the primary election ballots are not remedies authorized by HRS § 11-173.5(b).

15. There is no genuine issue of material fact related to Plaintiff Kim's election contest.

<u>JUDGMENT</u>

Based upon the foregoing findings of fact and conclusions of law, judgment is entered in favor of the State Defendants. David Y. Ige received the highest number of votes and his name shall be placed on the ballot as the Democratic Party candidate for the Office of Governor for the 2018 general election.

The clerk of the supreme court shall also forthwith serve a certified copy of this judgment on the chief election officer in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawaiʻi, August 27, 2018.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



8