PAUL ELKINS and ALLEN W. BARR, ON BEHALF OF THEMSELVES AND ALL OTHER VOTERS OF THE COUNTY OF MAUI, STATE OF HAWAII, Plaintiffs, *v.* GEORGE R. ARIYOSHI, as LIEUTENANT GOVERNOR and CHIEF ELECTION OFFICER OF THE STATE OF HAWAII, and THE OFFICE OF THE LIEUTENANT GOVERNOR OF HAWAII, and JAMES S. USHIJIMA, as COUNTY CLERK OF THE COUNTY OF MAUI, and the OFFICE OF THE COUNTY CLERK, COUNTY OF MAUI, STATE OF HAWAII, Defendants

NO. 5773

OCTOBER 21, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA and MENOR, JJ., and CIRCUIT JUDGE HAYASHI ASSIGNED BY REASON OF VACANCY

*Per Curiam.* Paul Elkins, the Republican nominee for the office of Mayor of the County of Maui, and Allen W. Barr, campaign coordinator for Mr. Elkins, brought this original action in the Supreme Court of Hawaii on behalf of themselves and all other voters of Maui County, wherein they petitioned this court to declare the results of the October 5, 1974 primary election as it affected Maui County to be null and void and to order a new primary election.

48

The defendants moved to dismiss the complaint on the grounds, that the plaintiffs lacked standing to contest the primary election held in the County of Maui, and that the complaint failed to state a claim against the defendants upon which relief could be granted.

At the outset of the summary hearing conducted on October 16, 1974, we ruled that Mr. Barr was not a proper party to the proceedings and did not have the requisite standing under HRS § 11-172. We nevertheless gave him leave to speak in behalf of Mr. Elkins, in order that this court might be fully apprised of all the facts surrounding this controversy.[1]

The complaint in this action was filed with this court in a timely manner,[2] setting forth "reasons for reversing, correcting, or changing the decisions of the precinct officials." These reasons included such alleged irregularities and election law violations as a disproportionate number of personnel drawn from the same political party; an inadequate number of official observers; the misuse of duplicated ballots; the failure to distribute School Board ballots in two precincts; the failure to properly instruct precinct officials; campaigning within 1000 feet of polling places; and the denial of certain voting rights with regard to the Lanai councilmanic election. More generally, the plaintiffs during oral argument decried the "room for abuse" and the "possibilities of fraud" which they maintained such a poorly run and inadequately supervised election process generated.

HRS § 11-172 provides as follows:

With respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election district, may file a complaint in the supreme court. The complaint shall set forth any cause or causes, such as but not limited to, provable fraud, over-

---

[1] We need not reach the question of whether a successful primary candidate has standing to contest the election results where such action would not alter his position vis-a-vis the other candidates, inasmuch as the matter before us can be dispatched on alternate grounds. We also leave unresolved the questions of whether a successful primary candidate may challenge the validity of his opponent's election, or may examine his own vote count via this special proceeding.

[2] "[N]ot later than 4:30 p.m. on the sixth day after a primary . . . ." HRS § 11-173.5(a), as amended by Act 34, S.L.H. 1974.

ages, or underages, *that could cause a difference in the election results*. The complaint shall also set forth any reasons for reversing, correcting, or changing the decisions of the precinct officials or the officials at a counting center for electronic ballots. (Emphasis added).

We read the words "difference in the election results" in the statute to mean a difference sufficient to overturn the nomination of any particular candidate or candidates in the primary. Neither in the complaint nor in oral argument have the plaintiffs shown that the specific acts and conduct of which they complain would have had the effect of changing the results of the primary election conducted in the County of Maui on October 5, 1974. We hold, therefore, that the complaint is legally insufficient and that it fails to state a claim against the defendants upon which relief can be granted.

The statute provides that this court shall decide "what candidate was nominated or elected, as the case may be, in the manner presented by the petition, and a certified copy of the judgment shall forthwith be served on the chief election officer or the county clerk, as the case may be, who shall place the name of the candidate declared to be nominated on the ballot for the forthcoming general or special general election." HRS § 11-173.5(b). In an instance where a primary election result is disputed, it is incumbent upon this court, in an extraordinary summary proceeding, to determine which of a number of candidates is the one nominated for the purpose of the primary election.[3] Where there is only one nominee from a particular party, and no cause exists for invalidating the election process as in the present case, there is nothing for this court to decide. *Cf. Akizaki v. Fong*, 51 Haw. 354, 461 P.2d 221 (1969).

This is not tantamount to saying that the plaintiffs are without a remedy if they can prove the alleged irregularities outlined in the complaint. HRS Chapter 19, especially HRS §§ 19-3 and 19-6, contains a panoply of criminal charges that

---

[3] We need not discuss the question as to whether this court has the power to declare a primary election invalid. While it is not expressly so provided, *cf.* HRS § 11-174.3(b), the power to decide which candidate was nominated implies a power to determine that no candidate was selected. *Cf.* Akizaki v. Fong, 51 Haw. 354, 461 P.2d 221 (1969).

may be brought to sanction any improper conduct with regard to elections. Such matters are better directed to the prosecutor's office rather than to this court.

The motion to dismiss is granted.