NO. SCEC-12-0000714

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

KHISTINA CALDWELL DEJEAN, Plaintiff,

vs.

SCOTT NAGO, Chief Election Officer, Office of Elections,
State of Hawaiʻi; and DAVID M. LOUIE, Attorney General,
State of Hawaiʻi, Defendants.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna and Pollack, JJ.)

We have considered the August 14, 2012 election complaint filed by Plaintiff Khistina Caldwell DeJean, the August 20, 2012 motion to dismiss or, in the alternative, for summary judgment filed by Defendants David Louie and Scott Nago, the August 20, 2012 answer filed by Bernice Mau, and the declaration and/or exhibits appended to each. Having heard this matter without oral argument and in accordance with HRS § 11-173.5(b) (2009) (requiring the supreme court to "give judgment fully stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

## FINDINGS OF FACT

1.  Plaintiff Khistina Caldwell DeJean ("DeJean") was one of four candidates for the office of mayor of the City and County of Honolulu in the August 11, 2012 primary election.

2.  The election results for Honolulu mayor were: (1) Benjamin Cayetano: 90,956 votes (44.1%); (2) Kirk Caldwell: 59,963 votes (29.1%); (3) Peter Carlisle: 51,101 votes (24.8%); and (5) Khistina DeJean: 1,289 votes (0.6%).

3.  On August 14, 2012, Plaintiff DeJean filed a complaint challenging the primary election.  She alleges that (a) some polling places in Hawaiʻi county opened late, (b) the media discriminated against her when they did not "[o]pen [t]he [d]oor" to minor children during a debate and excluded her from media opportunities, (c) extending voting hours at the end of the day does not help people who have to vote before going to work in the morning, and (d) she received a "threat" to report for jury duty within ten days.

4.  Plaintiff DeJean seeks judgment from the supreme court to remain on the ballot for the November 6, 2012 general election as a candidate for Honolulu mayor.

5.  Defendants David Louie, attorney general for the State of Hawaiʻi, and Scott Nago, chief election officer for the State of Hawaiʻi, move for dismissal of the complaint or, in the alternative, for summary judgment for failure to present any evidence of error, mistakes, irregularities or any other basis that could cause a difference in the election results.

6. Bernice Mau, city clerk for the City and County of Honolulu, who was not named as a defendant in the complaint but was served with the complaint and summons, denies the allegations and prays that the court find that candidates Benjamin Cayetano and Kirk Caldwell be placed on the general election ballot for Honolulu mayor because any delay in opening the polling places in Hawai'i county did not impact the Honolulu mayor's race since only voters in the City and County of Honolulu have the right to vote for Honolulu mayor and neither she nor any of the defendants had legal obligations to ensure that DeJean was provided sufficient media opportunities.

<u>CONCLUSIONS OF LAW</u>

1. When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. <u>AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque</u>, 110 Hawai'i 318, 321, 132 P.3d 1229, 1232 (2006).

2. The court's consideration of matters outside the pleadings converts a motion to dismiss into one for summary judgment. <u>Foytik v. Chandler</u>, 88 Hawai'i 307, 313, 966 P.2d 619, 625 (1998). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is

3

entitled to a judgment as a matter of law. Estate of Doe v. Paul Revere Ins. Group, 86 Hawai'i 262, 269-270, 948 P.2d 1103, 1110-1111 (1997).

3. A complaint challenging the results of a primary election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election. Tataii v. Cronin, 119 Hawai'i 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawai'i 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

4. A plaintiff challenging a primary election must show that he or she has actual information of mistakes or errors sufficient to change the result. Tataii v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawai'i at 388, 935 P.2d at 103; Funakoshi v. King, 65 Haw. at 316-317, 651 P.2d at 915.

5. It is not sufficient for a plaintiff challenging an election to allege a poorly run and inadequately supervised election process that evinces room for abuse or possibilities of fraud. An election contest cannot be based upon mere belief or indefinite information. Tataii v. Cronin, 119 Hawai'i at 339, 198 P.3d at 126; Akaka v. Yoshina, 84 Hawai'i at 387-388, 935 P.2d at 102-103.

6. The late opening of some of the polling places in Hawai'i county on August 11, 2012 and the subsequent extension of

4

voting hours in Hawaiʻi county do not amount to actual information of mistakes or errors sufficient to change the election results for Honolulu mayor.

7. The matters concerning the media's alleged refusal to allow minor children to attend a debate, the media's alleged exclusion of DeJean from media opportunities and an alleged "threat" to report for jury duty within ten days do not demonstrate that the results of the August 11, 2012 primary election for Honolulu mayor would have changed.

8. In a primary election challenge, HRS § 11-173.5(b) authorizes the supreme court to "decide what candidate was nominated or elected." HRS § 11-173.5(b).

9. The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given for primary election irregularities challenged pursuant to HRS § 11-173.5. Funakoshi v. King, 65 Haw. at 316, 651 P.2d at 914.

10. Allowing Plaintiff DeJean to remain on the ballot for the general election as a candidate for Honolulu mayor is not a remedy authorized by HRS § 11-173.5(b).

11. There is no genuine issue of material fact related to plaintiff DeJean's election contest.

<u>JUDGMENT</u>

Based upon the foregoing findings of fact and conclusions of law, summary judgment is entered in favor of defendants David Louie, attorney general for the State of

5

Hawaiʻi, and Scott Nago, chief election officer for the State of Hawaiʻi.  Benjamin Cayetano and Kirk Caldwell received the highest number of votes for Honolulu mayor in the August 11, 2012 primary election and their names will be placed on the ballot for the November 6, 2012 general election.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the chief election officer and county clerk in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawaiʻi, August 23, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

