**Electronically Filed**
**Supreme Court**
**SCEC-14-0001070**
**28-AUG-2014**
**11:30 AM**

SCEC-14-0001070

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

HOPE L. CERMELJ; AIKO AIYAMA; INA CAMPBELL; JON J. MORISHITA;
PHILIP HEATH; BETH LEDERER; MARTHA HOLMAN; MARILYN MARTINEZ;
JOHN ARMSTRONG; and NUMEROUS OTHERS FILING DECLARATIONS ONLINE,
Plaintiffs,

vs.

SCOTT T. NAGO, Chief Election Officer, Office of Elections,
State of Hawaiʻi; OFFICE OF ELECTIONS, Defendants.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

We have considered the election complaint filed by

Plaintiff Hope L. Cermelj, on behalf of herself and Aiko Aiyama,

Ina Campbell, Jon J. Morishita, Philip Heath, Beth Lederer,

Martha Holman, Marilyn Martinez, John Armstrong, and "Numerous

Others Filing Declarations Online", and the motion to dismiss

filed by Defendants Scott Nago, Chief Election Officer for the

State of Hawaiʻi, and the Office of Elections.  Having heard this

matter without oral argument and in accordance with HRS § 11-

173.5(b) (2009) (requiring the supreme court to "give judgment

fully stating all findings of fact and of law"), we set forth the

following findings of fact and conclusions of law and enter the

following judgment.

1.   In the late evening of Thursday, August 7, 2014 through the early morning hours of Friday, August 8, 2014, Hurricane/Tropical Storm Iselle made landfall on the Big Island.

2.   On Friday, August 8, 2014, Chief Election Officer Scott Nago ("Nago") issued a Proclamation closing two polling places on the Big Island and postponing the elections for Precincts 04-01 and 04-02.  The Proclamation indicated that the registered voters of Precincts 04-01 and 04-02 would vote by absentee ballot.  No other polling place was closed.

3.   On Saturday, August 9, 2014, the primary election went forward as scheduled.  All polling places were open for voting with the exception of the two polling places that were closed as announced by the Proclamation.

4.   On Monday, August 11, 2014, Nago issued a second Proclamation that voters in Precincts 04-01 and 04-02 who had not already voted by absentee ballots would be able to vote on Friday, August 15, 2014, at Keonepoko Elementary School.

5.   On Friday, August 15, 2014, the election proceeded for Precincts 04-01 and 04-02 and was completed.

6.   On August 21, 2014, Plaintiff Hope Cermelj ("Cermelj") filed an "Election Contest Complaint".  In addition to Cermelj, the complaint identifies the Plaintiffs as Aiko Aiyama, Ina Campbell, Jon J. Morishita, Philip Heath, Beth Lederer, Martha Holman, Marilyn Martinez, John Armstrong, and "Numerous Others Filing Declarations Online" (collectively,

2

"Plaintiffs"). Cermelj identifies herself as a "registered voter." The other plaintiffs identify themselves as registered voters of precincts that were not closed on Saturday, August 9, 2014. None of the Plaintiffs were candidates for elected office. Plaintiffs appear to be asking the court to fire Defendant Nago and to provide "justice" because voters were denied their right to vote.

7. Defendants Nago and the Office of Elections filed a motion to dismiss the complaint for lack of jurisdiction or, in the alternative, failure to state a claim for which relief can be granted.

CONCLUSIONS OF LAW

1. "With respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election district, may file a complaint in the supreme court." HRS § 11-172 (2009).

2. An election complaint that is filed by a plaintiff who is not within a category of plaintiffs specified by HRS § 11-172 is subject to dismissal for lack of standing. See Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

3. Plaintiffs do not fall within a category of plaintiffs specified by HRS § 11-172. Plaintiffs are not proper parties to the election contest and lack the requisite standing under HRS § 11-172.

4. Even if Plaintiffs fall within a category of plaintiffs specified by HRS § 11-172, the complaint fails to set

3

forth any allegations that would demonstrate errors, mistakes, or irregularities that would change the election result.  See HRS § 11-172 (an election contest complaint shall "set forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results"); Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008) ("A complaint challenging the results of [an] election pursuant to HRS § 11-172 fails to state a claim unless the plaintiffs demonstrate errors that would change the outcome of the election[.]"); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982)("'Difference in the election results' . . . mean[s] a difference sufficient to overturn the nomination of any particular candidate or candidates in the primary.").

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the election contest complaint.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the chief election officer in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawaiʻi, August 28, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



4