**Electronically Filed
Supreme Court
SCEC-14-0001285
04-DEC-2014
09:45 AM**

SCEC-14-0001285

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

KHISTINA CALDWELL DEJEAN, Plaintiff,

vs.

SCOTT NAGO, Chief Election Officer; OFFICE OF ELECTIONS;
and AARON SCHULANER, Defendants.

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

On November 7, 2014, plaintiff Khistina Caldwell DeJean ("DeJean") filed a document entitled "Election Challen[g]e 2014," which we view as an election complaint to contest the November 2014 general election. On November 17, 2014, defendant Scott Nago ("Nago"), Chief Election Officer of the State of Hawai'i, the Office of Elections, and Aaron Schulaner ("Schulaner") (collectively, "Defendants") filed a motion to dismiss the complaint. On November 21, 2014, DeJean filed a reply memorandum. Upon consideration of the election complaint, the motion to dismiss, and the reply memorandum, and having heard this matter without oral argument and in accordance with HRS § 11-174.5(b) (2009) (requiring the supreme court to "give

judgment, stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

FINDINGS OF FACT

1. DeJean was not listed on the November 4, 2014 general election ballot as a candidate for any office.

2. DeJean contests the general election by filing a complaint in the supreme court on November 7, 2014. DeJean names Nago, the Office of Elections, and Schulaner as defendants.

3. The complaint references a Pennsylvania statute, cites several case law and HRS § 12-6, and includes a heading entitled "Jury Verdicts & Settlements."

4. Defendants moved to dismiss the complaint for (a) lack of standing and, in the alternative, (b) failure to state a claim upon which relief can be granted.

5. In response to the motion to dismiss, DeJean requests, among other things, a special election and that Defendants Nago and Schulaner, together with Attorney General David Louie, be fired or jailed immediately.

CONCLUSIONS OF LAW

I.

1. HRS § 11-172 (2009) requires an election contest to be brought by "any candidate, or qualified political party directly interested, or any thirty voters of any election district."

2. The record indicates that DeJean was not listed on

2

the ballot as a candidate for any office in the November 4, 2014 general election, is not a qualified political party, and does not comprise thirty voters of an election district.

3.   DeJean, therefore, lacks standing to contest the November 4, 2014 general election.

II.

4.   When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept the plaintiff's allegations as true and view them in the light most favorable to him or her; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief.  AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawaiʻi 318, 321, 132 P.3d 1229, 1232 (2006).

5.   A complaint challenging the results of a general election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election.  Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

6.   A plaintiff challenging a general election must show that he or she has actual information of mistakes or errors sufficient to change the result.  Tataii, 119 Hawaiʻi at 339, 198

3

P.3d at 126; <u>Akaka</u>, 84 Hawai'i at 388, 935 P.2d at 103; <u>Funakoshi</u>, 65 Haw. at 316-317, 651 P.2d at 915.

7.    DeJean has failed to present specific facts or actual information of mistakes, errors, or irregularities sufficient to change the results of the general election.  Taking DeJean's allegations as true and viewing them in the light most favorable to her, DeJean can prove no set of facts that would entitle her to any type of relief from the results of the general election.

8.    Therefore, DeJean fails to state a claim upon which relief can be granted.

<u>JUDGMENT</u>

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint.

DATED: Honolulu, Hawai'i, December 4, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



4