**Electronically Filed
Supreme Court
SCEC-18-0000639
27-AUG-2018
10:42 AM**

SCEC-18-0000639

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

RICHARD Y. KIM, Plaintiff,

vs.

DAVID IGE, Democratic Candidate for Governor, Defendant.

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

We have considered the August 16, 2018 "Election Objection" filed by Plaintiff Richard Y. Kim ("Plaintiff Kim"), the August 21, 2018 motion to dismiss filed by Defendant David Ige ("Defendant Ige), and the August 22, 2018 memorandum in opposition to the motion to dismiss filed by Plaintiff Kim. Having heard this matter without oral argument and in accordance with HRS § 11-173.5(b) (2009) (requiring the supreme court to "give judgment fully stating all findings of fact and of law"), we set forth the following findings of fact and conclusions of law and enter the following judgment.

FINDINGS OF FACT

1.    Plaintiff Kim was one of six Democratic Party candidates for the Office of Governor in the August 11, 2018

primary election.

2. The election result for the Democratic Party candidate for the Office of Governor was as follows:

| | | |
|---|---|---|
| David Y. Ige | 124,572 | (50.2%) |
| Colleen Wakako Hanabusa | 107,631 | (43.4%) |
| Ernest Caravalho | 5,662 | (2.3%) |
| Wendell J. Kaʻehuʻaeʻa | 2,298 | (0.9%) |
| Richard Y. Kim | 1,576 | (0.6%) |
| Van (Tanaban) Tanabe | 775 | (0.3%) |
| Blank Votes | 5,116 | (2.1%) |
| Over Votes | 304 | (0.1%) |

3. Defendant Ige is the Democratic Party candidate who received the highest number of votes.

4. On August 16, 2018, Plaintiff Kim filed an "Election Objection" challenging the August 11, 2018 primary election.

5. Plaintiff Kim alleges that Defendant Ige "bribed" the Korean community and "comforted Korean voters' heart[s]" in March and April 2018 by visiting the United Korean Association of Hawaii, meeting with the Association's president and the Korean community group, praising the Korean community, and donating $1 million to the Hawaiʻi Korean Cultural Center. Plaintiff Kim alleges that Defendant Ige and unnamed individuals conspired to "influence voters in [the] Korean community" and "sway . . . voters toward him" and, as a result, Plaintiff Kim "lost many of his votes from [the] Korean community." Plaintiff Kim contends that Defendant Ige committed election offenses in violation of HRS §§ 19-3 (election fraud) and 19-6 (misdemeanors), the Federal Election Campaign Act, 42 U.S.C.S. § 1985, the Hatch Act, and other violations of federal law.

2

6.    Plaintiff Kim asks this court to disqualify Defendant Ige as the Democratic Party gubernatorial candidate and order a new primary election without Defendant Ige's name on the ballot.

7.    Defendant Ige filed a motion to dismiss the election objection for lack of subject matter jurisdiction over the criminal allegations raised by Plaintiff Kim and for failure to present any evidence of errors, mistakes, irregularities or any other basis that could cause a difference in the election result.

8.    Plaintiff Kim filed an opposition to the motion to dismiss.

CONCLUSIONS OF LAW

1.    This court does not have original jurisdiction over criminal prosecutions.  See HRS § 602-5(a) (2016).  As such, this court lacks jurisdiction to prosecute the criminal offenses alleged by Plaintiff Kim.

2.    The election objection (e.g., complaint) fails to state claims upon which relief can be granted.

3.    A complaint challenging the results of a primary election fails to state a claim unless the plaintiff demonstrates errors, mistakes or irregularities that would change the outcome of the election.  See HRS § 11-172 (2009); Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56

3

Haw. 47, 48, 527 P.2d 236, 237 (1974).

4.    A plaintiff challenging a primary election must show that he or she has actual information of mistakes or errors sufficient to change the election result.  Tataii, 119 Hawai'i at 339, 198 P.3d at 126; Akaka, 84 Hawai'i at 388, 935 P.2d at 103; Funakoshi, 65 Haw. at 316-317, 651 P.2d at 915.

5.    In order for a complaint to be legally sufficient, it must "show[] that the specific acts and conduct . . . complained of would have had the effect of changing the results of the primary election."  Elkins, 56 Haw. at 49, 527 P.2d at 237.

6.    An election contest cannot be based upon mere belief or indefinite information.  Tataii, 119 Hawai'i at 339, 198 P.3d at 126; Akaka, 84 Hawai'i at 387-388, 935 P.2d at 102-103.

7.    When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief.  AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawai'i 318, 321, 132 P.3d 1229, 1232 (2006).

8.    Taking Plaintiff Kim's allegations as true and viewing them in the light most favorable to him, it appears that

4

Plaintiff Kim can prove no set of facts that would entitle him to relief. Plaintiff Kim's conclusory, speculative allegations of bribery and election fraud do not amount to "actual information of mistakes or errors sufficient to change the results of the election." The difference between Defendant Ige's vote count (124,572) and Plaintiff Kim's vote count (1,576) is 122,996 votes. Plaintiff Kim fails to present any evidence that the alleged wrongdoings would result in a change of 122,996 votes in his favor.

9. In a primary election challenge, HRS § 11-173.5(b) authorizes the supreme court to "decide what candidate was nominated or elected."

10. The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given for primary election irregularities challenged pursuant to HRS § 11-173.5. Funakoshi, 65 Haw. at 316, 651 P.2d at 914.

11. Disqualifying Defendant Ige pursuant to HRS §§ 19-3, 19-4, and 19-6, and ordering a new primary election without Defendant Ige's name on the ballot are not remedies authorized by HRS § 11-173.5(b).

### JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered in favor of Defendant Ige. Defendant David Y. Ige received the highest number of votes and his name shall be placed on the ballot as the Democratic

5

Party candidate for the Office of Governor for the 2018 general election.

The clerk of the supreme court shall also forthwith serve a certified copy of this judgment on the chief election officer in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawaiʻi, August 27, 2018.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

