**Electronically Filed
Supreme Court
SCEC-20-0000725
14-DEC-2020
02:57 PM
Dkt. 47 FFCL**

SCEC-20-0000725

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

KEONI SOUZA, Plaintiff,

vs.

STATE OF HAWAIʻI; DAVID Y. IGE, in his official capacity as Governor of the State of Hawaiʻi; SCOTT T. NAGO, in his official capacity as Chief Election Officer for the State of Hawaiʻi; STATE OF HAWAIʻI OFFICE OF ELECTIONS; GLEN I. TAKAHASHI, in his official capacity as City Clerk of the City and County of Honolulu; JON HENRICKS, in his official capacity as the County Clerk of the County of Hawaiʻi; KATHY KAOHU, in her official capacity as County Clerk of the County of Maui (and for election purposes, the County of Kalawao); and JADE K. FOUNTAIN-TANIGAWA, in her official capacity as County Clerk of the County of Kauaʻi, Defendants.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ., and Circuit Judge Ayabe, assigned by reason of vacancy)

Upon consideration of (1) the election complaint, filed by plaintiff Keoni Souza ("Souza") on November 23, 2020, (2) the motion to dismiss complaint, filed by defendants David Y. Ige, in his official capacity as Governor of the State of Hawaiʻi, Chief Election Officer Scott Nago ("Chief Election Officer Nago"), and the State of Hawaiʻi Office of Elections (collectively, "the State Defendants") on December 3, 2020, and Souza's memorandum in opposition to the motion to dismiss, (3) the joinders filed by

the County Clerks of each County (collectively, "the County Defendants"); (4) the respective supporting documents, and (5) the record in this matter, we set forth the following findings of fact and conclusions of law and enter judgment in accordance with HRS § 11-174.5(b).

FINDINGS OF FACT

1.    Souza was a candidate in the Office of Hawaiian Affairs ("OHA") At-Large Trustee election in the November 3, 2020 General Election.

2.    The Summary Report printed on November 19, 2020 at 10:21 a.m. reported the results of the OHA At-Large Trustee election as follows:

| AKINA, Keli'i | 197,829 | 34.1% |
|---|---|---|
| SOUZA, Keoni | 196,206 | 33.8% |
| Blank Votes: | 185,571 | 32.0% |
| Over Votes: | 178 | 0.0% |

3.    Keli'i Akina ("Akina") received the highest number of votes.

4.    The difference in the votes between Akina and Souza was 1,623 votes.

5.    On November 23, 2020, Souza timely filed a complaint challenging the results of the OHA At-Large Trustee election.

6.    Souza asserts five counts for relief, alleging that Act 135, as codified at HRS § 11-158, is arbitrary, that a recount is warranted by the fact that the number of blank votes exceeds the margin of victory in the OHA At-Large Trustee election, that the high number of blank votes resulted from a failure to educate the public regarding voter registration and

information, and that a separate ballot for OHA elections was not provided.

7. Souza asks this court to provide the following relief:

(A) "[O]rder a hand recount to determine if he can overcome the margin of error of the voting machine(s) and to decipher voter intent in each blank ballot, overvote, and undervote;"

(B) "[O]rder Scott Nago, Chief Elections Officer, to submit a reply to Candidate Souza's inquiry letter so we have adequate information to understand how the voting process and voting machines could have affected the vote count for the OHA Trustee At-Large contest;" or, in the alternative,

(C) "[I]nvalidate the OHA Trustee At-Large election results and hold a special election for the OHA Trustee At-Large seat if this Court deems the aforementioned errors too grave to overcome."

8. The State Defendants moved to dismiss the complaint on the ground that the complaint is not a typical election contest that falls within this court's original jurisdiction to determine the results of an election and fails to state a claim upon which relief may be granted inasmuch as Souza has not demonstrated how any of his assertions would change the election results, and he cannot prove any set of facts that would entitle him to relief.

9. Attached to the motion to dismiss are declarations from Chief Election Officer Nago and Kristen Uyeda, the Ballot Operations Election Section Head for the Office of Elections.

3

10.  The County Defendants filed joinders to the motion to dismiss.

CONCLUSIONS OF LAW

1.  An election contest is instituted by filing a complaint in the supreme court "set[ting] forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results."  HRS § 11-172.

2.  "A complaint challenging the results of [a general] election pursuant to HRS § 11-172 fails to state a claim unless the plaintiff[] demonstrate[s] errors, mistakes or irregularities that would change the outcome of the election" –– e.g., errors, mistakes, or irregularities that would change the outcome of the election.  Tataii v. Cronin, 119 Hawai'i 337, 339, 198 P.3d 124, 126 (2008) (citing Akaka v. Yoshina, 84 Hawai'i 383, 387, 935 P.2d 98, 102 (1997)).  See also Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982) ("'Difference in the election results' . . . mean[s] a difference sufficient to overturn the nomination of any particular candidate[.]").

3.  In order for a complaint to be legally sufficient, it must "show[] that the specific acts and conduct . . . complained of would have had the effect of changing the results of the . . . election."  Elkins v. Ariyoshi, 56 Hawai'i 47, 49, 527 P.2d 236, 237 (1974); Akaka, 84 Hawai'i at 388, 935 P.2d at 103 (in order for an election challenge to have merit, "the petitioner must 'show that he [or she] ha[s] actual information of mistakes or errors sufficient to change the result[;]'" an election contest cannot be based upon mere belief or indefinite information).  It is not sufficient that a plaintiff point to a

4

"poorly run and inadequately supervised election process" that evinces "'room for abuse'" or "'possibilities of fraud.'" Elkins, 56 Haw. At 48, 527 P.2d at 237.

4.  "In the absence of facts showing that irregularities exceed the reported margin between the candidates, the complaint is legally insufficient because, even if its truth were assumed, the result of the election would not be affected." Tataii, 119 Hawaiʻi at 339-40, 198 P.3d at 126-27.

5.  "An election contest cannot be based upon mere belief or indefinite information." Id.

6.  When reviewing a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept the plaintiff's allegations as true and view them in the light most favorable to him or her; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawaiʻi 318, 321, 132 P.3d 1229, 1232 (2006).

7.  Conclusory allegations and unwarranted inferences are not sufficient to defeat a motion to dismiss. Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).

8.  Souza does not provide "specific facts" or "actual information" of mistakes, errors, or irregularities sufficient to change the result of the OHA At-Large Trustee election or exceed the reported margin of votes between himself and Akina. Souza impliedly concedes that he does not have "specific facts" or "actual information" by acknowledging that a hand recount would allow for the determination as to whether "he can overcome the margin of error of the voting machine(s)" and that information

5

from Chief Election Officer Nago regarding the voting process and voting machines "could have affected the vote count for the OHA Trustee At-Large contest." In his declaration, Chief Election Officer Nago detailed the voting machines and voting systems that were used in the 2020 election, the procedures for counting the ballots, and the overages and underages. None of this information demonstrate that the voting systems were not accurate or reliable, or that they did not work properly in counting the votes on election day such as to demonstrate mistakes, errors, or irregularities sufficient to change the result of the OHA At-Large Trustee election or exceed the reported margin of votes. Souza has not presented specific evidence to dispute this conclusion such that it would change the election result.

9. Additionally, assertions that the large amount of blank votes suggest that Chief Election Officer Nago did not fulfill his statutory responsibilities for public education or that the OHA At-Large Trustee race was required to be on a separate ballot do not constitute "actual information" that, even taken as true, the election results for the OHA At-Large Trustee election would change. See Brown v. Iaukea, 18 Haw. 131, 133 (1906) (sufficient evidence requires something more than a "mere fishing expedition undertaken in the hope that in an examination of all the ballots enough might be discovered to change the result"); Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103 (an election challenge cannot be based on "mere belief or indefinite information"). See generally Kealoha, 131 Hawaiʻi at 74, 315 P.3d at 225 (conclusory allegations and unwarranted inferences are not sufficient to defeat a motion to dismiss).

6

10.  Souza also fails to demonstrate beyond a reasonable doubt that Act 135 (as codified under HRS § 11-158) is arbitrary or flawed such that the results of the OHA At-Large Trustee election would be different.  See Gaylord, 78 Hawaiʻi at 137, 890 P.2d at 1177 ("[E]very enactment of the legislature is presumptively constitutional, and a party challenging the statute has the burden of showing unconstitutionality beyond a reasonable doubt.").

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered granting the motion to dismiss and dismissing the complaint.

DATED: Honolulu, Hawaiʻi, December 14, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Bert I. Ayabe

