**Electronically Filed
Supreme Court
SCEC-22-0000508
29-AUG-2022
02:02 PM
Dkt. 14 FFCL**

SCEC-22-0000508

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

RICHARD Y. KIM, Plaintiff,

vs.

STATE OF HAWAI'I OFFICE OF ELECTIONS; and SCOTT T. NAGO,
Chief Election Officer, Defendants.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

On August 23, 2022, Plaintiff Richard Y. Kim (Kim) submitted a document entitled "Election Objection" (complaint), which was filed as an election contest complaint. On August 26, 2022, Defendants State of Hawai'i Office of Elections (Office of Elections) and Scott T. Nago, Chief Election Officer (Chief Election Officer) (collectively, Defendants) filed a motion to dismiss Kim's complaint or, in the alternative, for summary judgment. Upon consideration of the complaint, the documents attached and submitted in support, and motion to dismiss or for summary judgment, and having heard this matter without oral argument, we enter the following findings of fact, conclusions of law, and judgment.

## FINDINGS OF FACT

1.   Kim was one of seven Democratic Party candidates for the Office of Governor in the 2022 General Election.

2.   The Primary Election was held on August 13, 2022.

3.   As provided by the complaint, the result of this primary election race was, as follows:

```
Green, Josh                 157,476 (60.6%)
Cayetano, Vicky              52,237 (20.1%)
Kahele, Kai                  37,540 (14.4%)
Tanabe, Van                   1,232  (0.5%)
Kim, Richard                    985  (0.4%)
Bourgoin, David L. (Duke)       589  (0.2%)
Lewman, Clyde McClain (Mac)     246  (0.1%)
Blank votes                   3,673  (1.4%)
Over votes                      342  (0.1%)
```

4.   On August 23, 2022, Kim filed a complaint asserting "a due process violation of Hawai'i Administrative Rules [(HAR)] § 3-177-704" because the Office of Elections did not provide proper advanced notice to the public and interested persons to observe and inspect the voting process, including the testing of the voting machines.

5.   Kim also asserts:

a.   A visual inspection of the ballots is necessary due to possible "rigg[ing]" of the vote count because he received 985 votes, or 0.4% of the democratic votes, which is less than his total received in 2018;

b.   Seemingly related to his vote count rigging assertion, a conflict of interest exists between himself and the Chief Election Officer due to his 2018 complaint filed in Civil No. 18-1-0878-06 GWBC; and

2

c. Vote counting by the computer must have been compromised by (a) moving a decimal such that he received only 1% of the actual votes he received on the ballots or (b) improperly transferring 99% of his votes to Lieutenant Governor Josh Green (Green).

6. Kim appears to assert he "should have been the winner" if such compromised vote counting occurred, or at least be deemed to have more votes than the 985 he received during the 2022 Primary Election. According to Kim, he "should have received 985[,]000 votes, 38.7% of the democratic votes, 23.2% for Josh Green, respectively." In support, he points to the following evidence:

a. His campaign website attracted 8,967 people, with over 32,000 views on his 706 posts since 2017.

b. His follower count on Facebook of 1,400 is higher than Democratic Party Governor candidate Vicky Cayetano's follower count.

c. His approach to addressing the COVID-19 pandemic is different from Green's approach.

d. Media poll numbers should have been different if Kim were included in those polls.

e. Other polls indicate he should have had more than 0.4% of the primary election vote in his race.

f. He has thrown "shaka blessings" to "tens of thousands of passing cars" while sign waving and each time he received "roughly 5-30% honking (on average)" and other feedback

3

he perceives to be a positive response to him.

g. Voter suppression "repeatedly happened" because a scheduled forum that included Kim was cancelled when Green would not attend, he was blocked and unblocked from the Facebook page for Lieutenant Governor allegedly by Green, and the Star-Advertiser blocked him from commenting on the live program, "Spotlight Hawaii."

7. Kim also asserts he has "shown and set forth sufficient reasons for triggering the inspection of voting records and election process[es] including voting machines testing," and, if necessary, for correcting and/or changing decisions in the 2022 Democratic Gubernatorial Primary Election. He thus requests an order allowing him to inspect ten sets of one thousand democratic votes of his random choice and selection, and count them through a voting machine to confirm, or vice versa. Kim claims this inspection "may likely take less than a few hours with minimum number of individuals' involvement in the process[,]" but then adds that if "his inspection" shows that he received "many more than 4 in every 1000 democratic ballots of his random selections[,]" then all votes on Oʻahu be counted "if any only after the Court's verification of such discrepancies is necessary." He then requests that, upon this court's approval, the Office of Elections must complete recounting of all of the democratic votes in all other islands "only after recalibration and properly retesting the machines in presence of sufficient number of independent observers and/or further[] hand counting

4

them all if such discrepancies occur."

8.   Defendants assert that the complaint should be dismissed with prejudice or summary judgment be granted.

CONCLUSIONS OF LAW

1.   When reviewing a request to dismiss a complaint, the court's review "is based on the contents of the complaint, the allegations of which [the court] accept[s] as true and construe[s] in the light most favorable to the plaintiff. Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Casumpang v. ILWU, Local 142, 94 Hawaiʻi 330, 337, 13 P.3d 1235, 1242 (2000) (quotation marks and citation omitted).

2.   A complaint challenging the results of a primary election fails to state a claim unless the plaintiff demonstrates errors, mistakes, or irregularities that would change the outcome of the election. See HRS § 11-172 (Supp. 2021); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982).

3.   A plaintiff challenging a primary election must show that he or she has actual information of mistakes or errors sufficient to change the election result. Funakoshi, 65 Haw. at 316-17, 651 P.2d at 915.

4.   In order for a complaint to be legally sufficient, it must "show[] that the specific acts and conduct of which they complain would have had the effect of changing the results of the primary election[.]" Elkins v. Ariyoshi, 56 Haw. 47, 49, 527

5

P.2d 236, 237 (1974).

5.    When considering a request to dismiss a complaint, the court need not accept conclusory or formulaic recitations on the legal effects of the events alleged.  Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).

6.    The court's consideration of matters outside the pleadings converts a motion to dismiss into one for summary judgment.  Foytik v. Chandler, 88 Hawaiʻi 307, 313, 966 P.2d 619, 625 (1998).

7.    Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Estate of Doe v. Paul Revere Ins. Group, 86 Hawaiʻi 262, 269-70, 948 P.2d 1103, 1110-11 (1997).

8.    A fact is material if proof of that fact would have the effect of establishing or refuting an essential element of a cause of action asserted by one of the parties.  Winfrey v. GGP Ala Moana LLC, 130 Hawaiʻi 262, 271, 308 P.3d 891, 900 (2013).

9.    On a motion for summary judgment, this court must view the evidence in the light most favorable to the nonmoving party.  Winfrey, 130 Hawaiʻi at 271, 308 P.3d at 900.

10.    However, this "court is permitted to draw only those inferences of which the evidence is reasonably susceptible and it may not resort to speculation."  Id. (quoting Pioneer Mill Co. v. Dow, 90 Hawaiʻi 289, 295, 978 P.2d 727, 733 (1999)); see

6

Jenkins v. Liberty Newspapers Ltd. P'ship, 89 Hawaiʻi 254, 269, 971 P.3d 1089, 1104 (1999) ("Accordingly, there being no factual basis, other than speculation, upon which a jury could have found that the alleged defamation was the legal cause of any claimed loss, we hold that the circuit court properly granted [the] motion for summary judgment as to the negligence count of [the] complaint." (Brackets added)).

11. An election contest cannot be based upon mere belief or indefinite information. Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawaiʻi 383, 387-88, 935 P.2d 98, 102-03 (1997). For example, it is not sufficient that a plaintiff points to a "poorly run and inadequately supervised election process" that suggests "room for abuse" or "possibilities of fraud." Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103.

12. HRS § 11-172 governs election contests and provides in relevant part: "With respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election district, may file a complaint in the supreme court. The complaint shall set forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results."

13. HRS § 11-173.5 (2009 & Supp. 2021) provides for, among other matters, time requirements for primary election contests for cause to be filed in the supreme court, as well as

7

the remedy allowed to be provided in primary election contests.

14. The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given for primary election contests. Funakoshi, 65 Haw. at 316, 651 P.2d at 914.

15. As such, allowing Kim to visually inspect primary election ballots is not a remedy authorized by HRS § 11-173.5(b). See Funakoshi, 65 Haw. at 316, 651 P.2d at 914; Elkins, 56 Haw. at 49, 527 P.2d at 237.

16. Based on this court's review of the evidence submitted in support of his complaint, there is no evidence or reasonable inference drawn from the evidence submitted that there was computer programming manipulation on his name on the democratic ballots such that he received only 1% of the actual votes he should have had. This claim thus amounts to speculation and does not support his assertion that he should be declared the winner. See Winfrey, 130 Hawaiʻi at 271, 308 P.3d at 900.

17. It is similarly speculative to construe (1) Kim's different approach to the COVID-19 pandemic, (2) media poll numbers without Kim, (3) a cancelled forum, (4) being blocked from commenting on the Star-Advertiser's "Spotlight Hawaii," and (5) being blocked and unblocked from the Lieutenant Governor's Facebook page to mean Kim received more votes than reported by the Office of Elections, let alone enough votes to overcome the amount of votes that Green received. See Winfrey, 130 Hawaiʻi at 271, 308 P.3d at 900; Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103.

8

18. It is not reasonable to infer that Kim's (1) campaign website statistics, (2) Facebook follower count, and (3) throwing "shaka blessings" to passing cars while sign waving shows that Kim received more votes than Green in the primary election because none of the evidence submitted supports an inference that any visitor to his campaign website, Facebook follower, or person he waved to while sign waving represents a person who is registered to vote in the State of Hawaiʻi's 2022 Primary Election and voted for Kim. See Winfrey, 130 Hawaiʻi at 271, 308 P.3d at 900; Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103.

19. It is also not reasonable to infer that Kim received more votes than Green based on the results of a poll attached to Kim's complaint because the poll itself shows Green with a higher percentage of voters than Kim. See Winfrey, 130 Hawaiʻi at 271, 308 P.3d at 900; Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103.

20. Kim's assertion that he should be declared the winner is thus based on speculation or unreasonable inferences from the evidence submitted in support of his complaint (i.e., the exhibits attached to the complaint). See HRS § 11-173.5(b) (requiring this court to hear the primary election contest "in a summary manner" and "shall cause the evidence to be reduced to writing").

21. Accordingly, there being no genuine issue of material fact related to Kim's election contest, we find and conclude in favor of Defendants as a matter of law.

9

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered in favor of Defendants. Josh Green received the highest number of votes and his name shall be placed on the ballot as the Democratic Party candidate for the Office of Governor in the 2022 General Election.

The clerk of the supreme court shall forthwith serve a certified copy of this judgment on the chief election officer in accordance with HRS § 11-173.5(b).

DATED: Honolulu, Hawaiʻi, August 29, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins