**Electronically Filed
Supreme Court
SCEC-22-0000504
29-AUG-2022
02:12 PM
Dkt. 26 FFCL**

SCEC-22-0000504

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

GARY A. CORDERY; and GROUP OF 30 INDIVIDUAL REGISTERED VOTERS,
Plaintiffs,

vs.

STATE OF HAWAIʻI OFFICE OF ELECTIONS, Defendant.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

On August 22, 2022, Plaintiffs Gary A. Cordery and a Group of 30 Individual Registered Voters (collectively, Plaintiffs) submitted a document entitled "Election Complaint; Motion for Preliminary Injunction Rule 65 HRCP" (complaint), which was filed as an election contest complaint. On August 26, 2022, Defendant State of Hawaiʻi Office of Elections (Defendant) filed a motion to dismiss. Upon consideration of the complaint and motion to dismiss, and having heard this matter without oral argument, we enter the following findings of fact, conclusions of law, and judgment.

FINDINGS OF FACT

1. On August 22, 2022, the court received a document

from Plaintiffs titled "Election Complaint; Preliminary Injunction Rule 65 HRCP" that was filed as an election contest complaint.

2.   Referring to the front and back of the 2022 primary election ballot, and the instructions on the ballot, Plaintiffs assert that the design and order of the ballot used for the 2022 Primary Election were inconsistent with HRS §§ 12-21 and 12-31, as well as the Hawaiʻi Constitution.  Plaintiffs also assert that the "Spoiled Ballots" from mail-in voting "will be impossible to determine, or audit."  They assert it is "impossible to determine if the voter understood the confusing instructions and cast their vote in an uninfluenced manner with a free state of mind[,]" and mail-in ballot voters were provided no remedy to correct any errors on their ballots.

3.   Plaintiffs request the following relief:

(a)   Nullification of the 2022 Primary Election results;

(b)   This court require all qualified candidates to advance to the 2022 General Election; and

(c)   Pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 65, issue a preliminary injunction halting certification of the 2022 Primary Election results until an oral hearing may be held to determine compliance of the 2022 Primary Election ballot.

4.   Plaintiffs cite, among other authorities, Hawaiʻi Revised Statutes (HRS) § 11-173.5 as conferring the court with

2

jurisdiction over this matter.

5.   Plaintiffs also cite to HRS §§ 12-21 (2009) and 12-31 (2009), as well as the Hawaiʻi Constitution.

6.   Defendant asserts the complaint should be dismissed with prejudice and the motion for preliminary injunction should be denied.

CONCLUSIONS OF LAW

1.   When reviewing a request to dismiss a complaint, the court's review "is based on the contents of the complaint, the allegations of which [the court] accept[s] as true and construe[s] in the light most favorable to the plaintiff. Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Casumpang v. ILWU, Local 142, 94 Hawaiʻi 330, 337, 13 P.3d 1235, 1242 (2000) (quotation marks and citation omitted).

2.   When considering a request to dismiss a complaint, the court need not accept conclusory or formulaic recitations on the legal effects of the events alleged. Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).

3.   HRS § 11-172 (Supp. 2021) provides in relevant part:  "With respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election district, may file a complaint in the supreme court. The complaint shall set forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that

3

could cause a difference in the election results."

4. HRS § 11-173.5 (2009 & Supp. 2021) provides for, among other matters, time requirements for primary election contests for cause to be filed in the supreme court, as well as the remedy allowed to be provided in primary election contests.

5. The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given for primary election irregularities. Funakoshi v. King, 65 Haw. 312, 316, 651 P.2d 912, 914 (1982).

6. In Funakoshi, 65 Haw. at 316, 651 P.2d at 914, this court said: "By the omission of language providing for the invalidation of an election and the allowance of a new election in HRS § 11-173.5(b), the legislature clearly intended that the only remedy that could be given for primary election irregularities was the statutory remedy of having this Court decide which candidate was nominated or elected."

7. A complaint challenging the results of a primary election fails to state a claim unless the plaintiff demonstrates errors, mistakes, or irregularities that would change the outcome of the election. See HRS § 11-172; Funakoshi, 65 Haw. at 317, 651 P.2d at 915.

8. A plaintiff challenging a primary election must show that he or she has actual information of mistakes or errors sufficient to change the election result. Funakoshi, 65 Haw. at 316-17, 651 P.2d at 915.

4

9. In order for a complaint to be legally sufficient, it must "show[] that the specific acts and conduct of which they complain would have had the effect of changing the results of the primary election[.]" Elkins v. Ariyoshi, 56 Haw. 47, 49, 527 P.2d 236, 237 (1974).

10. Taking Plaintiffs' allegations as true and viewing them in the light most favorable to them, nullification of the 2022 Primary Election results and requiring all qualified candidates to advance to the 2022 General Election are not remedies authorized by HRS § 11-173.5(b) ("[t]he judgment shall decide what candidate was nominated or elected"). See Funakoshi, 65 Haw. at 315, 651 P.2d at 914.

11. Moreover, the last sentence of HRS § 11-173.5(b) reads (emphasis added): "The judgment shall be conclusive of the right of the candidate so declared to be nominated; provided that this subsection shall not operate to amend or repeal section 12-41."

12. HRS § 12-41(a) (2009) mandates in pertinent part: "The person or persons receiving the greatest number of votes at the primary . . . as a candidate of a party for an office shall be the candidate of the party at the following general . . . election but not more candidates for a party than there are offices to be elected[.]"

13. Nullifying the results of the 2022 Primary Election and requiring all qualified candidates to advance to the 2022 General Election are also remedies that would be

5

inconsistent with HRS §§ 11-173.5(b) and 12-41(a) because a judgment requiring the remedies Plaintiffs seek would not be conclusive of any candidate receiving the greatest number of votes in any race for an office in the 2022 Primary Election.

14.  Plaintiffs' complaint thus fails to state a claim upon which relief can be granted.

15.  Because the complaint fails to state a claim upon which relief can be granted, the motion for preliminary injunction is denied.  See Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawaiʻi 90, 106, 194 P.3d 531, 547 (2008).

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint.

DATED: Honolulu, Hawaiʻi, August 29, 2022.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

