**Electronically Filed
Supreme Court
SCEC-22-0000515
06-SEP-2022
10:41 AM
Dkt. 16 FFCL**

SCEC-22-0000515

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

RALPH CUSHNIE, Plaintiff,

vs.

STATE OF HAWAIʻI - CHIEF ELECTION OFFICER, Defendant.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT
(By: Nakayama, Acting C.J., McKenna, Wilson, and Eddins, JJ., and
Circuit Judge Johnson, in place of Recktenwald, C.J., recused)

On August 26, 2022, Plaintiff Ralph Cushnie (Cushnie), and a group of 30 voters in District 17 on the island of Kauaʻi, submitted a letter that we construe as an election contest complaint (complaint). On August 31, 2022, Defendant State of Hawaiʻi - Chief Election Officer (Defendant) filed a motion to dismiss Cushnie's complaint. On September 2, 2022, Cushnie filed a letter in rebuttal to the motion to dismiss (rebuttal). Upon consideration of the complaint, motion to dismiss, and rebuttal, and having heard this matter without oral argument, we enter the following findings of fact, conclusions of law, and judgment.

FINDINGS OF FACT

1.  Cushnie filed the complaint on August 26, 2022.

2. Cushnie asserts that two audits were performed for the 2022 Primary Election that did not satisfy the requirements of Hawaiʻi Revised Statutes (HRS) § 16-42 (2009) because, in the first audit, the ballots were not chosen randomly, and, in the second audit, ballot images were incorrectly compared to electronic tallies when HRS § 16-42 requires paper ballots to be compared to electronic tallies.

3. Cushnie requests that the certification of the 2022 Primary Election be halted until a manual recount of the paper ballots of one randomly selected district in each county is performed by election officials and official volunteer observers.

4. In addition to HRS § 16-42, Cushnie cites HRS §§ 11-172 (Supp. 2021) and 11-174.5 (2009 & Supp. 2021) in support of his assertions and requested relief.

5. Cushnie emphasizes the following language in HRS § 11-174.5: "The judgment may invalidate the general, special general, special, or runoff election on the grounds that a correct result cannot be ascertained because of a mistake or fraud on the part of the voter service center officials[.]"

6. Defendant asserts that the complaint should be dismissed with prejudice, or, alternatively, that summary judgment be entered in its favor.

7. Cushnie filed a rebuttal on September 2, 2022, maintaining that an audit in compliance with HRS § 16-42 has not been completed.

1. When reviewing a request to dismiss a complaint, the court's review "is based on the contents of the complaint, the allegations of which [the court] accept[s] as true and construe[s] in the light most favorable to the plaintiff. Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Casumpang v. ILWU, Local 142, 94 Hawaiʻi 330, 337, 13 P.3d 1235, 1242 (2000) (quotation marks and citation omitted).

2. When considering a request to dismiss a complaint, the court need not accept conclusory or formulaic recitations on the legal effects of the events alleged. Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013).

3. A complaint challenging the results of a primary election fails to state a claim unless the plaintiff demonstrates errors, mistakes, or irregularities that would change the outcome of the election. See HRS § 11-172; Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982).

4. Plaintiffs challenging a primary election must show that they have actual information of mistakes or errors sufficient to change the election result. Funakoshi, 65 Haw. at 316-17, 651 P.2d at 915.

5. HRS § 11-172 provides in relevant part: "With respect to any election, any candidate, or qualified political party directly interested, or any thirty voters of any election

3

district, may file a complaint in the supreme court. The complaint shall set forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results."

6.    In order for a primary election complaint to be legally sufficient, it must "show[] that the specific acts and conduct . . . complain[ed of] would have had the effect of changing the results of the primary election[.]" Elkins v. Ariyoshi, 56 Haw. 47, 49, 527 P.2d 236, 237 (1974); see Funakoshi, 65 Haw. at 314, 651 P.2d at 913 ("'[D]ifference in the election results' in HRS § 11-172 . . . mean[s] 'a difference sufficient to overturn the nomination of any particular candidate or candidates in the primary.'" (Quoting Elkins, 56 Haw. at 49, 527 P.2d at 237)).

7.    HRS § 11-173.5 (2009 & Supp. 2021) sets forth, among other matters, the time requirements for primary election contests to be filed in the supreme court, as well as the remedy allowed to be provided in primary election contests.

8.    Having the court decide which candidate was nominated or elected is the only remedy that can be given in a primary election contest. Funakoshi, 65 Haw. at 315-16, 651 P.2d at 914. In other words, the "only statutory relief to which plaintiff is entitled under HRS § 11–173.5(b) would be to have this Court declare the name of the candidate to be nominated or elected." Id. at 315, 651 P.2d at 914.

9.    HRS § 11-174.5 sets forth, among other matters,

4

the remedies allowed to be provided in general election contests, which includes "invalidat[ing] the general . . . election on the grounds that a correct result cannot be ascertained because of a mistake or fraud on the part of the voter service center officials[.]"

10. HRS § 11-174.5 does not apply here because the 2022 General Election has not happened yet, and thus there are no general election results to invalidate. See Funakoshi, 65 Haw. at 315, 651 P.2d at 914 ("HRS § 11-173.5(b) does not provide for a judgment that would invalidate the primary election and allow a new election. The legislature only provided for this extraordinary remedy in its statutory provisions pertaining to general . . . elections.").

11. Taking Cushnie's allegations as true and viewing the allegations in a light most favorable to him, Cushnie's requested relief of seeking an order halting the certification of the 2022 Primary Election results until a manual recount is performed is not a remedy authorized by HRS § 11-173.5(b) ("[t]he judgment shall decide what candidate was nominated or elected"). See Funakoshi, 65 Haw. at 315-16, 651 P.2d at 914.

12. The complaint thus fails to state a claim upon which relief may be granted.

5

JUDGMENT

Based upon the foregoing findings of fact and
conclusions of law, judgment is entered dismissing the complaint.

DATED: Honolulu, Hawaiʻi, September 6, 2022.

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

/s/ Ronald G. Johnson

