**Electronically Filed
Supreme Court
SCEC-22-0000500
29-AUG-2022
08:52 AM
Dkt. 15 FFCL**

SCEC-22-0000500

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

ADRIEL LAM, Plaintiff,

vs.

STATE OF HAWAIʻI, OFFICE OF ELECTIONS, Defendant.

---

ORIGINAL PROCEEDING

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

On August 18, 2022 Plaintiff Adriel Lam (Lam) filed a letter, which we construe as an election complaint, as well as documents attached and submitted in support. On August 23, 2022 Defendant State of Hawaiʻi Office of Elections (Office of Elections) filed a motion to dismiss. On August 25, 2022, Lam filed a "Memorandum; Objection to Defendant's Motion to Dismiss and in Support of Motion for Hand Recount" (objection). Upon consideration of the complaint, motion to dismiss, and objection, and having heard this matter without oral argument, we enter the following findings of fact, conclusions of law, and judgment.

FINDINGS OF FACT

1. Lam was one of two Primary Election Republican

Party candidates in the Senate District 24 race.

2. The 2022 Primary Election was held on August 13, 2022.

3. Following a mandatory recount, the election result for this race was, as follows:

```
Fernandez, Antionette    1,490
Lam, Adriel C            1,446
Blank votes                787
```

4. The election result was later updated on August 22, 2022, with the following result that included the last ballots validated by the City Clerk for the City and County of Honolulu:

```
Fernandez, Antionette    1,513
Lam, Adriel C            1,474
Blank Votes                800
```

5. On August 18, 2022, Lam filed a letter seeking to file a complaint under Hawaiʻi Revised Statutes (HRS) § 11-172 (Supp. 2021), which requests the following relief:

(a) That an order be issued requiring a halt in the certification of the 2022 Primary Election so that a manual recount may be conducted of the 2022 Republican Party Senate District 24 Primary Election race; and

(b) An order requiring certain requests be granted "to restore public confidence and assurances regarding the integrity of Hawaii elections and reduce vulnerability to election and voter fraud" that include maintenance of the voter

rolls, voter education, certain ballot handling procedures, an adequate elections budget, increased access to voting to increase voter participation, and preserving all elections records from the "2020 General Election" beyond the federally mandated twenty-two month retention period to improve transparency and access to public records.

6. Lam asserts a lack of transparency during the mandatory recount process, lack of resolution on certain election integrity inquiries, and pending final ballot counts support his requested relief.

7. With regard to his assertion that there was a lack of transparency during the mandatory recount process, Lam recounts his observations and interactions with the Office of Elections during the mandatory recount process, including the lack of a response from the Office of Elections during the mandatory recount process.

8. With regard to his concern about the lack of resolution on certain election integrity inquiries, Lam asserts there were many deficiencies concerning: (a) a Manual Audit Certification that was raised regarding the 2020 General Election; (b) cybersecurity threats from foreign and other non-state threats to alter the election results to conform to their interests; (c) maintenance of the voter registration rolls in light of a "specific case of a registered voter" in the 2020

3

General Election; and (d) various aspects with elections by mail.

9. With regard to his assertion that a pending final ballot count supports his requested relief, Lam attached an email dated August 17, 2022, from the Office of the City Clerk of the City and County of Honolulu that states the "number of ballots that still need to be verified is approximately 3,700[,]" and the "number of ballots pending verification for Senate District 24 is 235." He also asserts there were 34,559 ballots received on August 14, 2022, that "could have met the deadline for receipt by 7 p.m., Aug 13, 2022," if receipt of these 34,559 ballots were recorded in Greenwich Mean Time (GMT) because Hawaiʻi standard time is ten hours behind GMT.

10. Lam cites Hawaiʻi Revised Statutes (HRS) § 11-172, as well as HRS §§ 11-109 (Supp. 2021), 16-42 (2009), and 19-3 (Supp. 2014), in support of his assertions and requested remedies.

11. The Office of Elections asserts that the complaint should be dismissed with prejudice.

12. Lam's objection asserts that "[a] manual recount is in order and the motion to dismiss should be overruled."

CONCLUSIONS OF LAW

1. HRS § 11-172 governs election contests and provides in relevant part: "With respect to any election, any candidate, or qualified political party directly interested, or

4

any thirty voters of any election district, may file a complaint in the supreme court. The complaint shall set forth any cause or causes, such as but not limited to, provable fraud, overages, or underages, that could cause a difference in the election results."

2. HRS § 11-173.5 (2009 & Supp. 2021) provides for contest for cause to be filed in the supreme court involving primary elections, special primary elections, and county elections held concurrent with a regularly scheduled primary or special primary election.

3. A complaint challenging the results of a primary election fails to state a claim unless the plaintiff demonstrates errors, mistakes, or irregularities that would change the outcome of the election. See HRS § 11-172; Tataii v. Cronin, 119 Hawaiʻi 337, 339, 198 P.3d 124, 126 (2008); Akaka v. Yoshina, 84 Hawaiʻi 383, 387, 935 P.2d 98, 102 (1997); Funakoshi v. King, 65 Haw. 312, 317, 651 P.2d 912, 915 (1982); Elkins v. Ariyoshi, 56 Haw. 47, 48, 527 P.2d 236, 237 (1974).

4. A plaintiff challenging a primary election must show actual information of mistakes or errors that would have changed the election result. Tataii, 119 Hawaiʻi at 339, 198 P.3d at 126; Funakoshi, 65 Haw. at 316-17, 651 P.2d at 915.

5. For a complaint to be legally sufficient, it must "show[] that the specific acts and conduct . . . complain[ed of]

5

would have had the effect of changing the results of the primary election." Elkins, 56 Haw. at 49, 527 P.2d at 237.

6. An election contest cannot be based upon mere belief or indefinite information. Tataii, 119 Hawaiʻi at 339, 198 P.3d at 126; Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103. For example, it is not sufficient that a plaintiff points to a "poorly run and inadequately supervised election process" that shows "room for abuse" or "possibilities of fraud." Akaka, 84 Hawaiʻi at 388, 935 P.2d at 103 (quoting Elkins, 56 Haw. at 48, 527 P.2d at 237).

7. The remedy provided by HRS § 11-173.5(b) of having the court decide which candidate was nominated or elected is the only remedy that can be given in primary election contests. Funakoshi, 65 Haw. at 316, 651 P.2d at 914; see HRS § 11-173.5(b).

8. When reviewing a request to dismiss a complaint, the court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. AFL Hotel & Restaurant Workers Health & Welfare Trust Fund v. Bosque, 110 Hawaiʻi 318, 321, 132 P.3d 1229, 1232 (2006).

9. The court's consideration of matters outside the

6

pleadings converts a motion to dismiss into one for summary judgment. <u>Foytik v. Chandler</u>, 88 Hawaiʻi 307, 313, 966 P.2d 619, 625 (1998). Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. <u>Estate of Doe v. Paul Revere Ins. Group</u>, 86 Hawaiʻi 262, 269-270, 948 P.2d 1103, 1110-1111 (1997).

10. Taking Lam's allegations as true and viewing them in the light most favorable to him, this court does not have jurisdiction to grant Lam the relief he seeks because ordering a manual recount of the ballots cast in the Republican Primary Election for the Senate District 24 seat, and granting certain requests "to restore public confidence and assurances regarding the integrity of Hawaii elections and reduce vulnerability to election and voter fraud," are not authorized by HRS § 11-173.5(b). <u>See</u> <u>Funakoshi</u>, 65 Haw. at 316, 651 P.2d at 914.

JUDGMENT

Based upon the foregoing findings of fact and conclusions of law, judgment is entered dismissing the complaint.

DATED: Honolulu, HawaiʻI, August 29, 2022.

/s/ Mark E. Recktenwald
/s/ Paula A. Nakayama
/s/ Sabrina S. McKenna
/s/ Michael D. Wilson
/s/ Todd W. Eddins

